# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50480
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO ESPINOZA-HERNANDEZ, also known as Alejandro Espinozahernandez, also known as Alejandro Espinoza Hernandez, also known as Alex Espinoza, also known as Alex Espinosa, also known as Alejandro Espinoza, also known as Alejandro Hernandez-Espinoza, also known as Alejandro Espinzoa Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-37-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alejandro Espinoza-Hernandez appeals his conviction for illegal reentry into the United States. He challenges the district court's denial of his motion to dismiss the indictment, arguing that it was invalid because the notice to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50480

appear in his removal proceedings was defective because it did not specify a time and date for his removal hearing and that the removal order was thus void. He concedes that this challenge is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), but he wishes to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha*. Alternately, the Government requests an extension of time to file its brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). *Pedroza-Rocha* concluded that the notice to appear was not deficient because it did not specify a date for the hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that Pedroza-Rocha could not collaterally attack his notice to appear without first exhausting his administrative remedies. 933 F.3d at 496–98. Espinoza-Hernandez's arguments are, as he concedes, foreclosed by this case. *See id.* Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.